**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| **RONALD W. WALDEN, JR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HIGH STREET SHOPS, LLC,** )<br>a Colorado Limited Liability Company, )<br>)<br>and )<br>)<br>**RCS- HIGH STREET TIC, LLC,** )<br>a Colorado Limited Liability Company, )<br>)<br>Defendants. )<br>_____)  | Civil Action No:  4:19-cv-_____ |

## COMPLAINT

Plaintiff, **Ronald W. Walden, Jr.**, by and through his undersigned counsel, hereby files this Complaint against **HIGH STREET SHOPS, LLC**, a Colorado limited liability company and **RCS- HIGH STREET TIC, LLC,** a Colorado limited liability company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* and damages for violations of the law of the Commonwealth of Virginia.  In support of his allegations, Plaintiff states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in the City of Williamsburg, Virginia.

3. Plaintiff Ronald W. Walden, Jr. ("Mr. Walden") is a resident of the Commonwealth of Virginia.

4. Mr. Walden is a qualified individual with a disability as the term is defined by and within the meaning of the ADA. Mr. Walden is diagnosed with *osteogenesis imperfecta* and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, **HIGH STREET SHOPS, LLC**, ("HSS" or "Defendant,") is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action (the "Property.")

7. Upon information and belief, **RCS- HIGH STREET TIC, LLC**, ("RCS" or "Defendant,") is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action (the "Property.")

8. The Property is known as Shops at High Street; it is generally located at 1430 High Street, Williamsburg, VA 23185.

9. Each Defendant is registered to conduct business within the Commonwealth of Virginia through the Virginia State Corporation Commission and maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

10. Defendants are responsible for complying with all applicable obligations of the ADA.

11. All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

12. The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

13. The Property is large shopping center that contains eateries, shops, and a movie theater. Consequently, the Property is a place of public accommodation and is therefore subject to Title III of the ADA.

14. Mr. Walden is a frequent visitor of Williamsburg and has visited the Property several times and plans to return to the Property in the near future. Specifically, he has plans to visit the Property in December on his next trip to Williamsburg.

15. During his visits, Mr. Walden experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this Complaint and specifically in Paragraph 18.

16. Mr. Walden wants to visit the Property more but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

17. Mr. Walden plans to and will visit the Property more once the barriers described in Paragraph 18 and any other barriers have been removed.

18. Defendants discriminated and continue to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.*, by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to

provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A.    Plaintiff encountered inaccessible parking designated as accessible throughout the Property due to excessive long and cross slopes;

    B.    Plaintiff encountered inaccessible parking designated as accessible throughout the Property due to lack of signage;

    C.    Plaintiff encountered inaccessible ramps and curb ramps on designated accessible routes from parking areas to entrances throughout the Property due to excessive long slopes, cross slopes, excessively sloped side flares, and excessive lips;

    D.    Plaintiff encountered inaccessible routes on designated accessible routes throughout the Property due to excessive long and cross slopes and excessive lips; and

    E.    Plaintiff encountered inaccessible entrances throughout the Property due to excessive lips and lack of level clear floor space in front of entrances.

19.    As of the date of this filing, the readily achievable barriers and other violations of the ADA exist. They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

20.    Independent of his intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

21. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendants.

22. Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

23. The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action. The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendants and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

24. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

25. Defendants' Property is a place of public accommodation under *Code of Virginia*, § 51.5-44.

26. The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

27. As a direct and proximate result of Defendants' intentional and negligent failure to remove barriers to access that exist on Defendants' property, Plaintiff was and continues to be denied access and his civil rights were and continue to be violated.

28. Consequently, Mr. Walden seeks monetary damages from Defendants pursuant to *Code of Virginia*, § 51.5-46 for the discrimination he experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Ronald W. Walden, Jr. demands judgment and execution against Defendants and requests the Court provide the following injunctive and declaratory relief:

A. Declare the Property owned and administered by Defendants is in violation of the ADA;

B. Enter an order directing Defendants to alter the facilities on the Property to the full extent required by Title III of the ADA to make the facilities accessible to and useable by individuals with disabilities;

C. Enter an order directing Defendants to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E. Award such other and further relief as it deems necessary, just and proper;

F. Issue a Declaratory Judgment that Defendants violated the Virginia Rights of Persons with Disabilities Act;

G. Order Defendants to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H. Award Plaintiff monetary damages from the Defendants pursuant to *Code of Virginia* § 51.5-46; and

I. Award Plaintiff such other additional and proper relief as may be just and equitable.

**RONALD W. WALDEN, JR**.

By: _____
 Deborah C. Waters, Esquire
 Virginia State Bar #28913
 Waters Law Firm, P.C.
 Town Point Center Building, Suite 600
 150 Boush Street
 Norfolk, VA  23510
 Telephone: (757) 446-1434
 Facsimile: (757) 446-1438
 dwaters@waterslawva.com
 *Counsel for Plaintiff*